# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

-------------------

### No. 01-50149
### Summary Calendar

-------------------

STEVEN HARM,

Plaintiff-Appellant,

versus

TERRY R. HASSEL; JIMMY R.
LAWSON; RODNEY GEBERT; BENNY
BOYKIN; TRAVIS BLACK; ROBERT
LUMMUS; MONTE CULAME; RANDY B.
DANIEL; CLAUDE BILL; REGINALDO
STANLEY, DR.; ROCHELLE MCLANNEY;
D.D. SANDERS, Warden; UTMB
CORRECTIONAL MANAGEMENT HEALTHCARE,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-99-CV-292
--------------------
July 17, 2001

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Steven Harm, Texas inmate #701786, seeks leave to proceed in forma pauperis ("IFP") on appeal, following the district court's grant of the defendants' motion for summary judgment and dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim upon which relief can be granted. By moving for IFP, Harm is challenging the district court's certification that he should not

-------------------

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

be granted IFP status because his appeal is not taken in good faith.  See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

Harm has failed to establish that his appeal involves nonfrivolous legal issues and is, therefore, taken in good faith. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983).  Harm failed to present any evidence, other than his own conclusional assertions of retaliation, to rebut the defendants' summary judgment evidence showing that Harm was disciplined and his custody classification was changed for failing to obey prison rules and not because he had filed grievances against prison officers.  See Woods v. Smith, 60 F.3d 1161, 1164 (5th Cir. 1995).

Harm failed to raise a nonfrivolous issue with respect to the medical care provided to him by the prison medical staff for his hernia condition.  Harm did not present any credible evidence to rebut the defendants' medical evidence that Harm's hernia condition did not require surgery and that he had received the proper treatment for his condition.  Harm failed to show that the defendants acted with deliberate indifference to his serious medical needs.  See Norton v. Dimazana, 122 F.3d 286, 291-92 (1997).

Harm also failed to show that the district court judge improperly weighed the evidence or failed in any way to act impartially during the proceeding.  Harm failed to present any evidence that the district court judge held an extrajudicial bias against him or that there was a reasonable basis for questioning the district court judge's impartiality.  See United States v. MMR

<u>Corp.</u>, 954 F.2d 1040, 1045-46 (5th Cir. 1992); 28 U.S.C. § 455(a), (b).

A district court shall dismiss a case whenever it determines that the action fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The district court properly dismissed the complaint based on the record presented.

Harm has failed to raise any nonfrivolous issues on appeal. Harm's motion for IFP should be denied and his appeal should be dismissed as frivolous. See <u>Baugh</u>, 117 F.3d at 202 & n.24; 28 U.S.C. § 1915(e)(2)(B)(i); 5th Cir. R. 42.2.

The district court's dismissal of Harm's complaint for failure to state a claim and this court's dismissal of his appeal as frivolous each count as a "strike" for purposes of 28 U.S.C. § 1915(g). See <u>Adepegba v. Hammons</u>, 103 F.3d 383, 388 (5th Cir. 1996). Harm is cautioned that if he accumulates three strikes, he will not be able to proceed IFP in any civil action or appeal while he is imprisoned "unless [he] is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Harm's motion for appointment of counsel is also DENIED as moot.

IFP DENIED; APPEAL DISMISSED; SANCTIONS WARNING ISSUED; MOTION FOR APPOINTMENT OF COUNSEL IS DENIED AS MOOT.